**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
✳✳✳✳✳✳✳✳✳✳✳✳✳✳✳

| | | |
|---|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | ) | CASE NO. ST-2020-CR-00046 |
| | ) | |
| Plaintiff, | ) | 14 V.I.C. §§ 1861, 1862(2) & 11(a) |
| vs. | ) | 14 V.I.C. §§ 2253(a) & 11(a) (4 counts) |
| | ) | 14 V.I.C. §§ 1861, 1863(1) |
| KY'MANI DOLPHIN, | ) | 14 V.I.C. §§ 295(3) & 11(a) |
| | ) | 14 V.I.C. §§ 1083(a)(1) & 11(a) |
| Defendant. ) | | 14 V.I.C. § 551(1) |

Cite as VI Super 39U

## MEMORANDUM OPINION AND ORDER

¶1    **THIS MATTER** is before the Court on:

1. Defendant's Motion To Dismiss Or Consolidate Multiplicitous Counts ("Motion To Dismiss"), filed May 20, 2020;

2. The People's Notice To Court Of The People's Corrected Opposition To Defendant's Motion To Dismiss Or Consolidate Multiplicitous Charges and The People's Corrected Opposition To Defendant's Motion To Dismiss Or Consolidate "Multiplicitous Charges" ("Opposition"), filed June 11, 2020; and

3. Defendant's Reply To The People's Opposition To Defendant's Motion To Dismiss Or Consolidate Multiplicitous Charges ("Reply"), filed June 9, 2020.

¶2    The Court will order Counts Two, Four, Six, and Eight of the Information be consolidated into one Count and an amended Information filed. The People may elect to dismiss either Count One or Five now or leave dismissal up to the Court's discretion at sentencing.

## I.    INTRODUCTION

¶3    On February 4, 2020, Defendant Ky'Mani Dolphin ("Dolphin") was arrested for a robbery committed on May 5, 2019. Dolphin was charged with nine (9) counts: (1) One count of First Degree Robbery in violation of V.I. CODE ANN. tit. 14 §§ 1861, 1862(2) and 14 V.I.C. § 11(a); (2) one count of Unauthorized Possession of a Firearm During the Commission of First Degree Robbery in violation of 14 V.I.C. § 2253(a) and 14 V.I.C. § 11(a); (3) one count of Second Degree Robbery in violation of 14 V.I.C. §§ 1861, 1863(1); (4) one count of Unauthorized Possession of a Firearm During the Commission of a Second Degree Robbery in violation of 14 V.I.C. § 2253(a) and 14 V.I.C. § 11(a); (5) one count of First Degree Assault – Larceny in violation of 14 V.I.C. § 295(3); (6) one count of Unauthorized Possession of a Firearm During the Commission of a First Degree Assault - Larceny in violation of 14 V.I.C. § 2253(a) and 14 V.I.C. § 11(a); (7) one count

of Grand Larceny in violation of 14 V.I.C. § 1083(a)(1); (8) one count of Unauthorized Possession of a Firearm During the Commission of a Grand Larceny in violation of 14 V.I.C. § 2253(a) and 14 V.I.C. § 11(a); and (9) one count of Conspiracy in violation of 14 V.I.C. § 551(1).

¶4     Dolphin moves for the Court to dismiss Counts Two, Four, Six, and Eight or, in the alternative, for the Court to direct the People to file an amended information "consolidating these four counts into one as contemplated by Virgin Islands law."[1] Dolphin states that the People charge him with Conspiracy and four crimes of violence along with a weapons charge for each crime of violence, but the Information portrays a single incident with a single firearm, making the charges multiplicitous.[2]. Dolphin states that 14 V.I.C. § 2253(a) criminalizes possession of a handgun during "a crime of violence" and that by using "a" the "Legislature clearly intended for a conviction to be predicated on the jury finding the defendant guilty of possessing . . . an unlicensed firearm while committing any one of, not each one of, the crimes of violence listed in § 2253(d)" which incorporates the definition of crime of violence found in 23 V.I.C. § 451(g).[3]

¶5     The definition of a crime of violence set forth in section 451(g) lists a series of crimes and uses "or," indicating that the various crimes of violence are alternatives to one another, and the two statutes must be read together, demonstrating that "the People are only authorized to make a single charge under section 2253(a) when there is a single criminal incident, with a single firearm, involving a single victim."[4] Dolphin also argues that even if the Court were to find the reading ambiguous, the rule of lenity indicates the Court should adopt the more lenient of the readings.

¶6     Additionally, Dolphin argues Counts One and Five are multiplicitous. Dolphin states that the People charged him with First Degree Robbery and First Degree Assault with the intent to commit larceny and that these are two charges the same conduct.[5] Dolphin cites to the Virgin Islands Supreme Court case of *George v. People*,[6] in which the Virgin Islands Supreme Court found that a defendant could not be subject to punishment for both First Degree Robbery and First Degree Assault as the conduct was the same in each.[7] The Virgin Islands Supreme Court stated "when George threatened Mills with a weapon in order to rob Jackpots and Java, he simultaneously committed first-degree robbery by threatening the use of a dangerous weapon in the course of committing robbery, and first-degree assault by assaulting Mills with in [sic] the intent to commit a robbery" and therefore "while section 104 does not prohibit prosecution and conviction under both sections, George cannot be subject to punishment under both."

---

[1] Def.'s Mot. To Dismiss 1.
[2] Def.'s Mot. To Dismiss 2.
[3] Def.'s Mot. To Dismiss 3; 23 V.I.C. 451(g) ("'Crime of violence' means the crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, discharging or aiming firearms, mayhem, kidnapping, assault in the first degree, assault in the second degree, assault in the third degree, robbery, burglary, unlawful entry or larceny.").
[4] Def.'s Mot. To Dismiss 4.
[5] Def.'s Mot. To Dismiss 5.
[6] 59 V.I. 368, 389 (V.I. 2013).
[7] Def.'s Mot. To Dismiss 5-6.

¶7     While Dolphin recognizes that *George* dealt with 14 V.I.C. § 104,[8] which requires an act or omission punishable in multiple ways under different provisions to only be punished under one, Dolphin argues that the analysis is the same here for Double Jeopardy Clause purposes.[9] Dolphin further cites to the Second Circuit Court of Appeals decision in *United States v. Maldonado-Rivera*[10] for the proposition that the proper remedy here is the People elect which count to prosecute, with the Second Circuit Court of Appeals stating "the jury should not have been asked to consider both counts, even on a conditionally sequential basis; rather, the government should have been required to elect which count was to be submitted to the jury."[11]

¶8     The People argue that the charging decision remains in the sound discretion of the prosecutor and that there has not been a violation of the Double Jeopardy Clause because Dolphin has not yet been sentenced.[12] Dolphin in his Reply points out that the People's authority for the premise that prosecutorial charging decisions are to be given broad discretion comes from the District Court of the Virgin Islands and therefore it is merely persuasive and "this Court is not obliged to view a prosecutor's charging discretion with the same 'kid's gloves' as the People suggest."[13]

¶9     Dolphin also argues that the District Court case cited by the People relies on the U.S. Supreme Court case *Bordenkircher v. Hayes*,[14] which explicitly confines prosecutor's authority to that set by a legislature's constitutionally valid definition of chargeable offenses and it is up to courts, not prosecutors, to construe the criminal statutes and their constitutionally limited bounds.[15] Lastly, Dolphin argues that multiplicity is not only a sentencing concern, as the Virgin Islands Rules of Criminal Procedure require Dolphin to raise multiplicity prior to trial, and since canons of statutory construction require a rule to be given effect, plainly a defendant may not only, but must, raise the issue of multiplicity of charges prior to trial at the charging stage.[16]

---

[8] 14 V.I.C. § 104 ("An act or omission which is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.").

[9] Def.'s Mot. To Dismiss 5-6.

[10] 922 F.2d 934 (2d Cir. 1990).

[11] Def.'s Mot. To Dismiss 6; 922 F.2d at 982.

[12] Pl.'s Opp'n 1-6.

[13] Def.'s Reply 2.

[14] 434 U.S. 357 (1978).

[15] Def.'s Reply 2.

[16] Def.'s Reply 3.

## II.     LEGAL STANDARD

### A. Motion To Dismiss; Multiplicitous Charges

¶10     This Court recently considered the legal standard for motions to dismiss multiplicitous charges in the case of *People v. Pringle*:[17]

> Virgin Islands Rule of Criminal Procedure 12(b)(3)(B)(ii) allows a party to challenge a defect in the charging information before trial, namely that the information is "charging the same offense in more than one count (multiplicity)." Title 14, § 104 of the Virgin Islands Code prevents multiple punishments for an act or omission that can be charged under several different counts.

> This Court has previously stated that "[a] multiplicitous indictment charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause." Further, multiplicitous charges in a charging document or information "may leave a prejudicial impression on a jury at the commencement of trial that a defendant is alleged to have committed several crimes when, as a matter of law, he or she is only being accused of committing one crime."

> In *Colon*, this Court decided whether multiple dangerous weapon charges against each defendant were multiplicitous. In that case, the defendant was charged with First Degree Murder (based on premeditation), First Degree Murder (based on felony murder), and Second Degree Murder. In addition, each murder charge carried with it an additional charge of Using A Dangerous Weapon in the commission of each murder charge. In analyzing § 2251(a)(2)(B), the Court found that the multiple counts against the defendant required proof of exactly the same elements and are not at all dependent upon which crime of violence was alleged.

> The Court first considered that the 'crime of violence' aspect of the statute was not an element, but a sentence enhancer. The Court stated that "[u]nder the *Nanton* and *Powell* analyses of section 2251(a)(2)(B), the multiple counts asserted against each Defendant in these cases require proof of exactly the same elements and are not at all dependent upon which crime of violence is asserted." The Court additionally reasoned that even if the 'crime of violence' was viewed as an element of the crime, the use of the word "a" in the statute before the phrase meant it applied to "any crime of violence" charged: "By use of the indefinite article 'a' in section 2251(a)(2)(B), the Legislature of the Virgin Islands did not intend for there to be 'separate units of prosecution' for each of the pertinent

---

[17] 2021 VI Super 94U

crimes of violence alleged in a single case." The *Colon* Court considered consolidation to be the appropriate remedy.

In *Connor v. People*, the Virgin Islands Supreme Court considered whether a charge of robbery in the first degree and possession of a firearm during the commission of robbery in the first degree was multiplicitous. Citing to the Third Circuit Court of Appeals decision *Gov't of the V.I. v. Soto*, the Virgin Islands Supreme Court adopted the reasoning that "because the Legislature was punishing the corresponding crime of possession of a deadly weapon during the commission of the crime of violence, along with the primary offense of committing the crime of violence itself, its intention to punish two offenses from the same act was clear." Therefore, the charges were not multiplicitous and punishment for both of them did not violate the Double Jeopardy Clause or § 104.

However, in *Tyson v. People*, the Virgin Islands Supreme Court considered a case where a defendant was twice found in violation of § 2253, Unauthorized Possession Of A Firearm, for two (2) different murders with the same gun. The Virgin Islands Supreme Court considered the charges multiplicitous, as even though two (2) different murders were committed, it was with the same gun and the crime occurred around the same time. Therefore the charges did not constitute two (2) different offenses as the purpose of § 2253 was to punish possession of a firearm while committing a crime or crimes, not to punish the underlying crimes themselves. Therefore, it is not multiplicitous to charge someone for possession of a firearm during a crime and charge them for the underlying crime, but it is multiplicitous to charge someone for possession of the same weapon multiple times for multiple underlying crimes when the same weapon is used and the crimes are a part of the same ongoing criminal activity.[18]

¶12    When considering what the appropriate remedy for multiplicitous charges in an Information is, the Court in *Pringle* stated that "whether it is proper to leave the charges in place and exercise the appropriate remedy should the need arise at sentencing" or "whether the Court should proactively dismiss or consolidate the charges" the decision should "be made on a case-by-case basis, considering such factors as judicial economy, risk of prejudice, the totality of the charges against the defendant, and the severity of those charges."[19]

---

[18] *Id.* at ¶¶ 16-21 (citations omitted).
[19] *Id.* at ¶ 25.

## III.  ANALYSIS

### A.  Counts Two, Four, Six, and Eight are multiplicitous and consolidation of them is appropriate

¶13    This case is similar to *Pringle*, and indeed simpler as it involves only one weapon and a brief criminal encounter. As in *Pringle*, one firearm was used here, and, even more clear-cut than *Pringle*, the violent crime is a straightforward one-time robbery at gunpoint in a park, performed by two (2) individuals. Under the Court's precedent in *Pringle* and the cases outlined therein, charging Dolphin four (4) times for the unauthorized possession and use of a gun for this one violent criminal act is multiplicitous.

¶14    Nor does the Court agree with the People's assertion that, because prosecutors have broad charging authority and Double Jeopardy Clause issues only manifest at sentencing, the Court is powerless to order an amended an Information due to multiplicitous charges. The Virgin Islands Rules of Criminal Procedure plainly allow a party to allege a defect in the Information, including explicitly that the Information is multiplicitous. Further, these motions *must* be raised before trial, making an at-sentencing motion *per se* defective as it is untimely.[20] If the Court cannot order the Information to be amended for, at the very least, the five (5) reasons outlined in the Rules of Criminal Procedure, there is no relief to be granted and Rule 12(b)(3)(B) is functionally void and moot. As Dolphin argues, rules of statutory construction require that rules be given effect.

¶15    As the Court stated in *Pringle*, discerning whether dismissal or consolidation at this stage is the appropriate remedy is a case-by-case analysis. Here, waiting until after a trial, jury instructions, and verdict is reached, to then simply dismiss 4 (four) multiplicitous charges, would be a waste of the People's, the Defendant's, and the Court's time and resources. These four charges additionally bring the Counts charged against Defendant to nine (9), which may prejudice the Defendant in the eyes of the jury, and the remaining Counts in the Information after consolidation still accurately reflect what Dolphin is accused of doing—robbing someone of his money and valuable items with a handgun.

¶16    Therefore, the Court will order the People to amend the Information to consolidate the four (4) counts charging Dolphin with violating 14 V.I.C. § 2253(a) and 14 V.I.C. § 11(a) into one count of Dolphin Possessing an Unauthorized Firearm During a Crime of Violence.

### B.  Counts One and Five are multiplicitous; the People may elect to dismiss one of the Counts, but they are not required to at this stage

¶17    Under the clear precedent of *George*, First Degree Robbery and First Degree Assault – Larceny punish the same underlying act. First Degree Robbery punishes those who commit a robbery ("the unlawful taking of personal property in the possession of another . . . by force or

---

[20] V.I. R. Crim. P. 12(b)(3)(B)(ii) ("The following must be raised before trial . . . a motion alleging a defect in the information, such as: . . . charging the same offense in more than one count (multiplicity).").

fear")[21] and "cause[] physical injury which is incapacitating in any way to any person who is not a perpetrator of the crime; or [d]isplays, uses or threatens the use of a dangerous weapon."[22] First Degree Assault – Larceny punishes those who "with intent to commit . . . larceny, assaults another"[23] where assault is either the attempt to commit a battery or the making of a threatening gesture "showing in itself an immediate intention coupled with an ability to commit a battery."[24]

¶18    As *George* establishes, if Dolphin is found guilty of both, he may only be sentenced under one of these Counts. However, unlike with the above example, this is merely the case of one (1) multiplicitous charge instead of three (3), which does not weigh as heavily on judicial economy; is less likely to confuse a jury or prejudice them against the defendant; and its inclusion does not significantly affect the totality of the charges against Dolphin, nor does it greatly increase or decrease the severity of those charges. Further, the punishment for First Degree Assault-Larceny is imprisonment up to fifteen (15) years,[25] while the punishment for First Degree Robbery is not more than twenty (20) years with a mandatory minimum of seven (7) for subsequent offenses.[26]

¶19    Thus, the People are within their prosecutorial discretion to charge these multiplicitous Counts as neither judicial economy or concerns over prejudice and justice demand their dismissal at this stage, the People may have valid stratagem in charging two (2) similar counts with different punishment ceilings and floors, and as mandated by the ruling in *George*, the appropriate remedy is simply dismissal at sentencing. Lastly, should the People choose to not dismiss a Count, the result is simply that the Court exercises its judgment at sentencing. The People may therefore elect which charge to dismiss now while they amend their Complaint or they may leave it to judicial discretion at the sentencing stage, but the Court will not order the People to dismiss either Count One or Five at this stage.

## IV.    CONCLUSION

¶20    On May 5, 2019, a man was assaulted and robbed in a park by two (2) individuals. On February 4, 2020, Defendant Ky'Mani Dolphin was arrested and booked for this robbery following an investigation by the Virgin Islands Police Department. On May 20, 2020, Dolphin moved to dismiss or consolidate Counts Two, Four, Six, and Eight against him into one count and for the People to elect to keep either Count One or Five and dismiss the other. As Counts Two, Four, Six, and Eight are both multiplicitous and raise concerns of judicial economy and prejudice, consolidation at this stage is appropriate and the Court will order the People to file an amended Information.

¶21    Since Counts One and Five are multiplicitous but do not raise the same concerns over judicial economy, prejudice, or justice, and the punishments for Counts One and Five each have a

---

[21] 14 V.I.C. § 1861.
[22] 14 V.I.C. § 1862.
[23] 14 V.I.C. § 295(3).
[24] 14 V.I.C. § 291.
[25] 14 V.I.C. § 295(3).
[26] 14 V.I.C. § 1862.

*People of the Virgin Islands v. Ky'Mani Dolphin*
Case No. ST-2020-CR-00046
**Memorandum Opinion and Order**
**Page 8 of 8**

VI Super 39U

different floor and ceiling, the Court will not direct the People to choose between Counts One and Five.

**¶22**    Accordingly, it is hereby

**ORDERED** that Defendant's Motion To Dismiss Or Consolidate Multiplicitous Counts ("Motion To Dismiss"), filed May 20, 2020 is **GRANTED in part**; and it is further

**ORDERED** that Plaintiff The People of the Virgin Islands **SHALL FILE** a First Amended Information **CONSOLIDATING** Counts Two, Four, Six, and Eight into a single count; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: March 22 , 2022

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
    **LATOYA CAMACHO**
    Court Clerk Supervisor    03 / 23 / 2022