

**FILED**
July 06, 2023 06:37 PM
SX-2015-CV-00620
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

IN RE: Red Dust Claims.

Master Case No. SX-2015-CV-620
(Complex Litigation Division)
(Re: 15-1038)

**Cite as: 2022 VI Super 39U**

**MEMORANDUM OPINION (*SEALED*)**
**(Filed July 6, 2023)**

Andrews, Jr., *Judge*

## INTRODUCTION

¶1      Plaintiffs bring this action against defendant owners and/or operators of an alumina refinery plant that existed on St. Croix for many years. They claim, in 1998, Hurricane Georges blew large quantities of red dust, mud, asbestos and other particulates onto their nearby family residence which caused them to suffer property damages and personal injuries, including emotional distress. Plaintiffs claim Defendants are responsible for the harm they suffered because they: 1) created bauxite, red mud, and red dust residue as byproducts of their refinery operations; and 2) failed to properly store, secure and / or remove the byproducts before and after the storm.

Defendants deny the allegations. They seek to compel Plaintiffs to answer questions about a sexual molestation incident that occurred around the time of the storm, involving one of them (i.e., Jane Doe), to challenge their claims for

emotional damages. Plaintiffs request that this Court issue a protective order precluding such inquiry. For the reasons mentioned below, this Court finds good cause to issue an order to protect Plaintiffs from annoyance, embarrassment, oppression, and undue burden.

## FACTUAL BACKGROUND

¶2 On July 8, 2017, plaintiffs Beatrice Rivera, Estrellita John, Yahmillia John, Ebony Rivera and Alfred John, Jr. commenced this seven-count action for property damages and personal injuries. They sued refinery owners/operators St. Croix Alumina LLC, Glencore International AG, Alcoa, Glencore, Ltd. (f/k/a Clarendon, Ltd.), Century Aluminum Company and St. Croix Renaissance Group, LLP (SCRG). Plaintiffs filed, among others, a claim for intentional infliction of emotional distress (Count 5) and negligent infliction of emotional distress (Count 6) resulting from their exposure to bauxite, red dust, red mud, and other particulates during and after Hurricane Georges. Compl., pp 21 - 23. They allege their exposure resulted from Defendants' failure to properly store secure and remove these particulates. Id. at 8 - 10. Plaintiffs seek compensatory and punitive damages. Id. at 33.

¶3 Pursuant to the discovery process, the parties scheduled depositions of plaintiff Jane Doe and one of her siblings for February 10, 2023. When Plaintiff

and her counsel arrived, defense counsels informed them that medical records for Ms. Doe revealed she was sexually molested at the age of nine.[1]   Mot. for Protective Order, Ex. 3 (Affirmation of Att'y Natalie Tang How, p 1 ¶ 5); Opp. to Mot. for Protective Order; Decl. of Andrew C. Simpson, p 6 ¶ 15.   Defense counsels stated they would be willing to avoid asking questions regarding the molestation if Ms. Doe waived her emotional distress claims.   Affirmation of Att'y Natalie Tang How, p 1 ¶ 6.   Attorney Tang How discussed the matter with Ms. Doe who became agitated but eventually agreed to waive her emotional distress claim.   Affirmation of Att'y Natalie Tang How, p 2 ¶¶ 9-10; Decl. of Andrew C. Simpson, p 7 ¶ 16; Mot. for Protective Order, Ex. 4 (Dep. of Jane Doe, p 5 ¶¶ 6 - 10.   The deposition thus proceeded without any inquiry regarding the molestation. Dep. of Jane Doe, pp 5-24; Decl. of Andrew C. Simpson, p 7 ¶ 16.   Towards the end of the deposition defense counsel indicated they would pursue the molestation matter with Ms. Doe's siblings unless they too waived their claims for emotional distress.   Affirmation of Att'y Natalie Tang How, p 2 ¶ 12; Decl. of Andrew C. Simpson, p 7 ¶ 17.   After consultation between Plaintiffs' counsels, they decided the siblings would not waive and Ms. Doe would withdraw her waiver as she was

---

[1] Defendants had produced to Plaintiffs on February 9, 2023, the day before the deposition, a related medical record from Juan Luis Hospital indicating that Jane Doe was molested at age 9, her mother was unaware of it and Ms. Doe feels like she had worked through it.   Mot. for Protective Order, Ex. 1.

not prepped for the molestation questions.  Affirmation of Att'y Natalie Tang How, p 2 ¶ 13; Decl. of Andrew C. Simpson, p 8 ¶ 18; Dep. of Jane Doe, p 25 ¶¶ 12-14. Ms. Doe's counsel further stated, "we would like an opportunity to be able to prep our witness and review the documents, if that's the case."  Dep. of Jane Doe, p 25 ¶¶ 17-19.  She further said

> Well, on the record, again, we're rescinding any and all waivers for not only [Ms. Doe], for any of the other siblings in this matter.  We would move for protective order if we have to.
> Under the circumstances, if you feel that you need to continue to question this witness along those lines, with your claim that it was contemporaneously around Hurricane Georges, she will do the best she can, but I don't believe she recalls any information.

Dep. of Jane Doe, p 27 ¶¶ 3-11.  The deposition of Ms. Doe thus proceeded. Defense counsel asked Ms. Doe "What events in your life have caused you emotional distress?"  Id. at 29 ¶¶ 12-13.  Ms. Doe responded, "Please.  I don't want to do this.  Excuse me." Id. ¶ 14.  She then left the conference room sobbing.  Affirmation of Att'y Natalie Tang How, p 3 ¶ 18.  The deposition thereby ended.

On March 15, 2023, Defendants filed the instant motion to compel the continuation of Ms. Doe's deposition.  On March 31, 2023, Plaintiffs filed a motion for protective order and opposed Defendants' motion to compel on April 24, 2023.

Defendant SCRG responded on April 5, 2023.[2]  Defendants St. Croix Alumina LLC, Alcoa Inc., and Glencore Ltd. filed their opposition, to Plaintiffs' Motion for Protective Order, on April 24, 2023.  Plaintiffs replied on May 15, 2023.[3]  This Court, on May 15, 2023, held a hearing on both motions and took the matter under advisement.

## APPLICABLE LAW

Parties in a civil proceeding are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" even if the information is not admissible.  V.I.R Evid. 26(b)(1).  The scope of discovery is thus broad.  In the event a party refuses to provide disclosure or discovery, the opposing party may move to compel such disclosure.  V.I.R. Evid. 37(a).  The

---

[2] In its response, SCRG noted it has no intention to continue nor compel Jane Doe's deposition. As a consequence, it maintains that Plaintiffs' motion "can be denied as moot as to SCRG."  Resp. by SCRG, p 1.  This Court agrees and thus deems both motions moot as to defendant SCRG.

[3] This Court will not consider arguments made in Plaintiffs' Reply since it exceeds the 20-page limit permitted by V.I.R. Civ. P. 6-1(e)(2) and no permission has been granted to exceed the limit.  The Court further notes that the Reply consists of some 25 pages much of which address matters impertinent to the issues in the motion for protective order, lacks merit, or repeats arguments made in the motion for protective order.  Plaintiffs spend numerous pages attempting to demonstrate inconsistent positions taken by Defendants in an attempt to bolster an argument for judicial estoppel which is inapplicable here.  See Sarauw v. Fawkes, 66 V.I. 23, 2264 - 65 (V.I. 2017) (concluding that judicial estoppel precludes a party from asserting a position "that is inconsistent with a position taken by that party in a previous judicial proceeding.") (emphasis supplied).  Plaintiffs' attempt, in this Court's view, constitutes petty nit-picking, is based on speculative accusations of counsel's motives and is not helpful to the court.

party refusing to provide disclosure or discovery may also seek a protective order to preclude it.

The issuance of protective orders is governed by the Virgin Islands Rules of Evidence. Such orders may issue upon a showing that good cause exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." V.I.R. Evid. 26(c)(1). A protective order may take many forms including: forbidding the disclosure or discovery sought; specifying the terms of disclosure or discovery; prescribing an alternate method of discovery; or limiting the scope of the discovery or disclosure. Id. To establish "good cause" a party must specifically demonstrate that "disclosure will cause a clearly defined and serious injury." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (construing F.R.E. 26(c) from which V.I.R. Evid. 26(c) was adopted). In determining the existence of good cause, the court should engage in a balancing process and consider: the need for information by the requesting party; the injury that might result by compelled uncontrolled disclosure; any privacy interest of the party seeking protection; whether the information is being sought for a legitimate purpose versus improper purpose; and whether the party benefitting from an order of confidentiality is a public entity or official. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 - 88 (3d Cir. 1994) (construing F.R.E. 26(c) from

which V.I.R. Evid. 26(c) was adopted). In determining the propriety of issuing a protective order, this Court exercises broad discretion. See Molloy v. Independence Blue Cross, 56 V.I. 155, 168 (V.I. 2012) (acknowledging "the trial court's broad discretion to control discovery.").

## LEGAL ANALYSIS

Defendants seek to compel Plaintiff Jane Doe to complete her deposition testimony which she terminated on February 10, 2023. Specifically, they wish to depose her regarding a molestation incident she endured as a child. Mot. to Compel, pp 1, 11. Defendants argue their inquiry is relevant to Plaintiffs' emotional distress claims because the molestation incident occurred around the time of hurricane Georges and constitutes an alternate stressor they are entitled to probe. Plaintiffs oppose the motion and seek an order protecting them from such discovery pursuant to V.I.R. Civ. P. 26(c)(1) and V.I.R. Evid. 412.[4] Specifically they ask this Court to issue a protective order:

---

[4] In their Opposition to Defendants' Motion to Compel, Plaintiffs argue that Defendants were required to disclose Ms. Doe's medical records in advance of her deposition. Opp. to Mot. to Compel, p 11. Since the Court is denying the motion to compel on other grounds, it does not reach Plaintiffs' disclosure argument.

Plaintiffs mention in their Motion for Protective Order that Defendants acted in bad faith by deliberately withholding Ms. Doe's medical records until the day before her deposition, attempting to seek a waiver of emotional distress claims and refusing to stop her deposition to allow for a protective order. Mot. for Protective Order, pp 23 – 24. They do not explain, nor cite any authority as to, how such action, if it occurred, relates to their motion for protective order. Further, their conclusion constitutes pure speculation. The Court thus does not consider Plaintiffs' bad faith allegation in determining the motion for protective order.

      a. prohibiting Defendants from obtaining any additional deposition testimony of Ms. Doe;

      b. prohibiting Defendants from asking any questions of Ms. Does' siblings or other family members regarding Ms. Doe or the sexual molestation of Ms. Doe; and

      c. barring Defendants from disclosing or inquiring into the sexual history of any plaintiff coordinated under this Master Case.

Mot. for Protective Order, pp 1, 14, 16. Additionally Plaintiffs ask this Court to "order the information contained in the medical records relating to reports of a history of sexual assault shall be immediately redacted"; and to issue a Standing Order applicable to all complex litigation cases pertaining to discovery of prior sexual history. Id. at 26. As explained below, this Court finds Defendants' intended inquiry permissible, but will restrict the mode of inquisition.

    1) <u>Defendants Are Entitled To Seek Discovery Regarding Ms. Doe's Molestation Incident As It Is a Nonprivileged Matter Relevant to Her Emotional Distress Claim.</u>

Defendants maintain they are entitled to pursue deposition inquiry of Ms. Doe's molestation incident based on V.I.R. Civ. P. 26(b)(1). This Court agrees.

The rule provides that

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."

V.I.R. Civ. P. 26(b)(1). This rule of discovery is rather broad as explained by the United States Supreme Court in Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984). There, the court stated

> "The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach. Under the Rules, the only express limitations are that the information sought is not privileged and is relevant to the subject matter of the pending action. Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties."

Id. at 30. Accordingly, absent the existence of some privilege, any matter is subject to discovery so long as it is relevant to any party's claim or defense. IceMOS Tech. Corp. v. Omron Corp., No. CV-17-2575, 2020 U.S. Dist. LEXIS 67700, at *8 (D. Ariz. Apr 17, 2020) (stating "[b]ut now, Rule 26(b)(1)'s plain language limits discovery to matters relevant to the parties' claims and defenses.")

Here, Ms. Doe and her siblings all launched claims for intentional and negligent infliction of emotional distress allegedly caused by Defendants' conduct. Evidence regarding an alternate contemporaneous source of emotional distress is certainly relevant to their claims. Defendants are thus entitled to investigate and discover such alternate source of distress as no evidence or argument of privilege has been presented. See Keller v. Arrieta, Civ. No. 20-259, 2021 U.S. Dist. LEXIS 139540, at * 7 (D. N.M. Jul 27 2021) (ruling that if the counter-plaintiff were to argue

he suffered a specific emotional distress, counter-defendant "should have the opportunity to discover other sources of stress that could provide alternative explanations for the manifestation of his emotional distress."); Mahoney v. L.S. Holdings, Civ. No. 2012-67, 2013 U.S. Dist. LEXIS 206425, at *4 (D.V.I. Aug 6, 2013) (stating "[w]here a party seeks damages based upon a mental or emotional condition allegedly brought on by defendants' actions, it cannot seriously be argued that a defendant is not permitted to investigate the scope of such condition, including . . . whether the condition arose from some other cause."); Leidel v. Ameripride Servs., 291 Fed. Supp. 2d 1241, 1245 (D. Kan. 2003) (rejecting Plaintiff's argument that evidence was admitted in violation of Fed. R. Evid. 412, and holding "[b]ecause Plaintiff sought compensatory damages for emotional suffering, evidence concerning other sources of emotional distress during that time of his life was quite probative."). Accordingly, Defendants are entitled to inquire into the impact of the molestation incident, if any, upon Plaintiffs' emotional distress claims.

Plaintiffs assert that Defendants "claim that the sole purpose of inquiring into the sexual molestation issue is to impeach Jane Doe's credibility." Mot. for Protective Order, p 16, 21 (arguing "Defendants have conceded that the sole purpose of inquiring into sexual molestation is to impeach Jane Doe's credibility.").

In support to this assertion, Plaintiffs cite to an email, from defense counsel regarding the duty to disclose Plaintiffs' medical records, wherein counsel stated that the duty to self-disclose records "applies to documents a party may use to support its claims or defenses," and "does not apply to documents solely used for impeachment purposes." Id. n. 14. Plaintiffs misread Defendants' position. The email reveals Defendants' position regarding their duty to self-disclose the medical records of Ms. Doe already in Defendants' possession. Pursuant to V.I.R. Civ. P. 26(a)(1)(A), no such disclosure is required if the medical records are to be used solely for impeachment. Defendants' position regarding the deposition of Ms. Doe, to acquire new information, is that Rule 26(b)(1) permits such discovery since it is related to her emotional distress claim. Nothing presented to this Court suggests that Defendants are pursuing further deposition of Ms. Doe solely for impeachment purposes and Defendants have made no such claim. As such Plaintiffs' reliance on the holding in Doe v. City of San Diego, Civil No. 12-CV-0689, 2013 U.S. Dist. Lexis 109061, at *13 (S.D. Calif. Aug. 1, 2013) (concluding the intended deposition inquiry regarding the plaintiff's sexual history was irrelevant to her credibility) is misplaced.

2) Rule 412 Is Inapplicable To The Instant Proceeding.

Plaintiffs rely heavily on V.I.R. Evid. 412 to support their request to preclude

any further inquiry regarding the molestation incident. They argue "[t]his Court need only look to the history of the rape shield law (V.I.R. Evid. 412) and the sordid history that led to its enactment and amendment for guidance." Mot. for Protective Order, p 16. They emphasize that F.R.E. 412 (from which V.I.R. Evid. 412 was adopted) was extended to civil cases to protect alleged victims against invasion of privacy, embarrassment, and stereotyping. Id. at 18. Rule 412 is a rule of exclusion and provides as follows:

> (a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
>
>> (1) evidence offered to prove that a victim engaged in other sexual behavior; or
>>
>> (2) evidence offered to prove a victim's sexual predisposition.

V.I.R. Evid. Rule 412. A cursory reading of the rule quickly reveals it is intended to apply to civil cases involving alleged sexual misconduct. This conclusion is reinforced by the committee notes to F.R.E. 412 (from which V.I.R. Evid. 412 was adopted verbatim). Those notes provide

> While often used in criminal cases involving sexual assault and rape, the prohibition in Rule 412 also applies "in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment."

F.R.E. 412, Advisory Committee Notes (emphasis supplied). Plaintiffs' claims

here involve no allegation that any of them was a victim of sexual misconduct. Even if they did, Defendants do not seek to offer evidence of Ms. Doe's sexual molestation "to prove that she engaged in other sexual behavior" or "to prove her sexual predisposition." V.I.R. Evid. 412(a)(1)(2). Instead, they seek to probe and present evidence of an alternate cause of Ms. Doe's emotional distress claim. Rule 412 is thus wholly inapplicable here and Plaintiffs' reliance thereon is misplaced.

Plaintiffs' argument, pursuant to Rule 412(b)(2), that Defendants' need to impeach credibility does not substantially outweigh the demonstrated harm to Jane Doe, is likewise misplaced. Mot. for Protective Order, p 18. Rule 412(b)(2) creates an exception in civil cases, to the presumptive exclusion of evidence of a victim's sexual behavior or predisposition, where the probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. It does not come into play unless a party seeks to admit evidence of a victim's sexual behavior or predisposition. Since such is not the nature of the evidence here, 412(b)(2) is irrelevant. For these reasons, Rule 412 does not preclude disclosure of, nor inquiry into, Ms. Doe's sexual history.

3) <u>Good Cause Exists To Issue a Protective Order Regarding Further Deposition of Ms. Doe.</u>

Although Rule 412 does not preclude inquiry into Ms. Doe's molestation incident, this Court may preclude or restrict such inquiry, upon a showing of good cause, to protect Plaintiffs from annoyance, embarrassment, oppression, or undue burden. V.I.R. Civ. P. 26(c)(1). Here it is clear that Ms. Doe suffered severe emotional trauma as a result of being presented with a simple inquiry, i.e., "what events in your life have caused you emotional distress." Mot. for Protective Order, Ex. 4 (Dep. of Jane Doe, p 29: 12-13). She obviously knew the question related to the molestation incident as her counsel had advised her, before the deposition commenced, that defense counsel was aware of it. At that point, according to her deposition counsel, "she became agitated and panicked and was clearly under duress." Mot. for Protective Order, Ex. 3 (Affirmation of Att'y Natalie Nelson Tang How, p 2 ¶ 9). Another plaintiff's counsel, shortly after termination of the deposition, observed Ms. Doe crying uncontrollably and repeating "nobody protects me" and "I feel so dirty" and "now everyone knows." Mot. for Protective Order, Ex. 9 (Affirmation of Rhea R. Lawrence, p 1 ¶ 5). An hour later, at Ms. Doe's home, counsel further observed her hyperventilating in a fetal position, crying and repeating the phrases: "I need to protect her;" "I want to go home;" "people cannot be trusted;" and "they wasn't supposed to know." Id. at 2 ¶ 13. Ms. Doe failed to respond to counsel's attempt to get through to her. Id. ¶ 14.

Under these circumstances the Court concludes that any further attempt to depose Ms. Doe on the subject of the molestation would result in further annoyance, embarrassment, oppression, and undue burden to her. This Court will not permit such victim re-traumatization to occur and will thus preclude further deposition of Ms. Doe. Although not directly applicable, restricting discovery under the circumstances here is consistent with the policies underlying related rule F.R.E. 412 from which V.I.R. Evid. 412 was adopted. See F.R.E. 412, Advisory Committee Notes (explaining that Rule 412 was extended to civil cases in part due to "the need to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping."). Under the circumstances, Defendants can obtain the desired discovery through less intrusive means.

The Court is mindful though that Defendants have a right to conduct discovery and properly assess Ms. Doe's emotional distress claim to prepare their defense. Having balanced this right and the need for information against the injury that will almost certainly result through deposition inquiry, the Court concludes that inquiry via interrogatories is more appropriate. See V.I.R. Civ. P. 26(c)(1)(C). This will allow Defendants to seek discovery regarding the molestation incident and at the same time protect Ms. Doe from further injury.

Defendants' right is not unfairly compromised by limiting the mode of pursuit to interrogatories and reasonable parameters set by the court. Further, no purpose of deposition overrides the significant risk of harm to Ms. Doe. The Court thus finds good cause to issue a protective order, pursuant to Rule 26(c)(1)(C), to avoid the harm noted above.[5]

### 4) Good Cause Exists To Issue a Protective Order Regarding Further Depositions Of Ms. Doe's Family Members.

Plaintiffs also seek a protective order precluding further depositions of Ms. Doe's siblings and family members regarding Ms. Doe or the molestation incident. Mot. for Protective Order., p 1. They inform that depositions of the siblings and family members have been completed but any inquiry related to Ms. Doe was immediately terminated by counsel pursuant to V.I.R. Civ. P. 30(d)(3)(A). Id. n. 3. The issue is thus whether further deposition of those individuals should be protected. This Court so concludes.

Based upon the facts presented, it is unclear whether Ms. Doe's siblings and other family members knew about her molestation <u>during the time of Hurricane Georges</u> when they claim to have suffered emotional distress. Directly

---

[5] Defendants claim that Plaintiffs' request for a protective order under V.I.R. Civ. P. 30 is untimely. Opp. to Mot. for Protective Order, p 23. The Court does not address this claim since: Plaintiffs moved for a protective order pursuant to V.I.R. Evid. 412, V.I.R. Civ. P. 26(c) and V.I.R. Civ. P. 30(d)(3)(A); and this Court is granting the motion pursuant to Rule 26(c), not Rule 30.

mentioning Ms. Doe or her molestation, under those circumstances, would likely lead to further embarrassment, annoyance and burden to them and Ms. Doe. There is thus good cause to limit the scope of their inquiry in this regard. V.I.R. Civ. P. 26(c)(1)(D). Accordingly, Defendants may conduct further depositions of Ms. Doe's siblings and family members however: 1) they may not mention Ms. Doe's name; 2) they may not mention Ms. Doe's sexual molestation or any sexual conduct unless the matter is mentioned in response to an inquiry; and 3) any inquiry probing alternative causes of the siblings' and family members' claimed emotional distress must be limited to the time period of Hurricane Georges in 1998. These limitations would provide adequate protection from the potential injury mentioned above.

5) Plaintiffs' Request To Issue a Blanket Order Barring Disclosure or Discovery Regarding the Sexual History of All Plaintiffs Under The Instant Master Case is Overbroad.

Plaintiffs seek an order "barring Defendants from disclosing or inquiring into the sexual history of any plaintiff coordinated under this Master Case." Mot. for Protective Order, p 1. They have presented no specific argument or support for such an overly broad blanket request. Absent some rational basis, it is more appropriate to address such discovery matters on a case-by-case basis. Plaintiffs' request will thus be denied.

6) <u>Plaintiffs' Request To Redact Medical Records Is Vague and Overbroad</u>.

Plaintiffs ask this Court to "order that information contained in medical records relating to reports of a history of sexual assault shall be immediately redacted." Mot. for Protective Order, p 26. They provide no further information, support, nor rationale, regarding their request. Consequently, it is unclear whether the request targets medical records of the instant plaintiffs, medical records of all plaintiffs and/or witnesses in all cases coordinated under the instant master case, or medical records in all cases. Further, Plaintiffs do not specify whether their request pertains to records filed with this Court, in the hands of opposing counsel or in the possession of medical providers/institutions. More significantly, Plaintiffs set forth no basis for their blanket request. V.I.R. Civ. P. 6-1(a)(2) (requiring that all motions "state with particularity the grounds for seeking the order, including a concise statement of reasons and citation of authorities."). Their request is thus vague, overbroad, and legally unsupported. As such, this Court will deny it.

7) <u>Plaintiffs' Request To Issue a Standing Order Is Inappropriate</u>.

In addition to a protective order, Plaintiffs ask this Court to issue a Standing Order "applicable to all complex litigation matters." Mot. for Protective Order, p 26. The order would include a statement that "there is a presumption that a

plaintiff's prior sexual history, including the history of being a sexual abuse/assault victim, is irrelevant and not subject to discovery under Virgin Islands Rule of Civil Procedure 26"; and would set forth a standard procedure regarding discovery of a party or witness' sexual history. Id. This order, Plaintiffs' claim, is justified since sexual assault is one of the most serious and fast-growing violence in the territory and statistics show that one of every three girls and one of every five boys will be a victim of sexual assault before age eighteen. Id. For several reasons, Plaintiffs' motion is inappropriate.

First, inserting a request for issuance of an order, applicable to all complex cases, in an individual case which involves several sealed documents (including the instant opinion) is inappropriate. Second, a far-reaching order, as Plaintiffs seek, should not be issued based solely on input from a single litigant. Third, Plaintiffs cite no legal authority in support of their requested order. Particularly, absent from Plaintiffs' request is a single authority for the assertion that there is a presumption that a plaintiff's prior sexual history is irrelevant and not subject to discovery under V.I.R. Civ. P. 26. The Court will thus deny Plaintiffs' request for a standing order.

## CONCLUSION

¶4 For the reasons mentioned above, this Court will: deny Defendants'

Motion to Compel; grant Plaintiffs' Motion for Protective Order regarding inquiry into Ms. Doe's sexual molestation as modified herein; and deny Plaintiffs' Motion for Protective Order regarding disclosure of the sexual history of any plaintiff under the instant master case, the redaction of all medical records relating to sexual assaults, and regarding a standing order applicable to all complex litigation cases pertaining to discovery of prior sexual history. An order consistent herewith will be issued contemporaneously.

DATE: July 6, 2023

_____
ALPHONSO G. ANDREWS, JR.
Superior Court Judge

**Attest:**
**TAMARA CHARLES**
CLERK OF THE COURT

_____
COURT CLERK III

July 7, 2023
_____
DATE